IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHN RUPP and KARLA RUPP,
Individually and as Personal Representatives
of the Estate of John Donald Rupp III,
Deceased,

                                                 ORDER

                 Plaintiffs,

                                          12-cv-676-bbc

     v.

CITY BREWING COMPANY, LLC,

                 Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff John and Karla Rupp's claims in this suit arise out of the death of their son, John Donald Rupp III, who was killed by a car after ingesting a caffeinated alcoholic beverage manufactured by defendant City Brewing Company, LLC. Plaintiff is asserting state law claims for negligence, strict product liability and breach of warranty. Defendant has filed a motion to dismiss plaintiffs' claims. The motion is ready for decision, but I cannot decide it until I am satisfied that this court has jurisdiction over this case.

      Plaintiffs contend that jurisdiction is present under 28 U.S.C. § 1332. That statute requires complete diversity of citizenship between the parties and an amount in controversy greater than $75,000. Plaintiffs' amended complaint contains allegations sufficient to satisfy the amount in controversy requirement. Dkt. #18 at ¶ 6. Unfortunately, plaintiffs have not alleged facts sufficient to show that the parties' citizenship is completely diverse.

1

Plaintiffs allege that they are citizens and residents of Virginia. This is sufficient. Heinen v. Northrop Grumman Corp., 671 F.3d 669 (7th Cir. 2012). However, with respect to defendant, plaintiffs allege only that City Brewing Company, LLC "is a limited liability corporation organized under the laws of and licensed to conduct business in the State of Wisconsin, with its principal offices at 925 South Third Street, La Crosse, WI 54601." Dkt. #18 at ¶ 3. This is insufficient. The citizenship of a limited liability company is the citizenship of each of its members, not the state in which it was organized or the location of its principal place of business. Thomas v. Guardsmark, LLC, 487 F.3d 531, 534 (7th Cir. 2007) ("an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well").

As the proponents of federal jurisdiction, it is plaintiffs' burden to show that the parties are citizens of different states and that more than $75,000 is in controversy. Smart v. Local 702 International Brother of Electrical Workers, 562 F.3d 798, 802-03 (7th Cir. 2009). Accordingly, I will give plaintiffs an opportunity to file supplemental materials that establish the citizenship of defendant's members. 28 U.S.C. § 1653 (defective jurisdictional allegations may be cured).

ORDER

IT IS ORDERED that plaintiffs John Rupp and Karla Rupp have until May 28, 2013

in which to file supplemental materials showing that subject matter jurisdiction is present under 28 U.S.C. § 1332.  Failure to do so will result in dismissal of this case for lack of subject matter jurisdiction.

Entered this 21st day of May, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge